consolidated and disposed of by this bill. Orators further pray that the letters of administration be declared void, and that general relief and subpœna be granted. This bill was against Langmade, administrator, the ordinary of Washington county, and the persons to whom Langmade was alleged to have made sales. The grounds of demurrer were: No equity; adequate common law remedy; multifariousness; misjoinder of parties defendant and complainant; the question touching the revocation of the letters of administration because William Beck did not die in Washington county, can be made only before the court of ordinary of that county in a proper case.

W. F. BROWN, A. J. HEAD, and LLOYD THOMAS, for plaintiff in error.

J. M. McBRIDE and P. H. BREWSTER, *contra.*

---

## BOHANNON *v.* THE STATE.

When the sole question in a criminal case is the credibility of the witnesses, the evidence being in direct conflict, the Supreme Court has no duty to perform except to affirm the judgment.

June 15, 1892.   By two Justices.                    *Judgment affirmed.*

Criminal law. Evidence. Before Judge RICHARD H. CLARK. Douglas superior court. July term, 1891.

Conviction of gaming; exception to the overruling of motion for a new trial. The only grounds of the motion are, that the verdict was contrary to law and evidence. The indictment was against James Bohannon, Jack Deavors and Dad Mitchell, and it charged that they did play and [bet] for money at a game of cards. There was but one witness for the State, Thomas J. Blair, who testified that he found the three defendants indicted and another negro sitting around a cloth spread on the ground, playing cards; on each corner of the cloth lay a quarter of a dollar; they all engaged in the playing

of the cards, and when they finished a game some one of the four would take all the four quarters up; this was repeated several times. Two witnesses, Alex. Garrett and Jack Deavors, gave testimony for the defendant in direct conflict with that for the State, and the defendant stated that he never played cards with the parties named at any time or place.

W. A. James, for plaintiff in error.

J. S. Candler, solicitor-general, *contra*.

---

Garrett *v*. The State.  Hollis *v*. The State.

1. When, by reason of failure to hold an annual charter election, the members of the municipal government of an incorporated town, including the marshal, continue to hold their offices and exercise the powers incident thereto during the year succeeding that for which they were elected or appointed, they are officers *de facto*, if not *de jure*, and are under the same protection of law in the exercise of their functions as if there had been no failure to comply with the charter and they had been duly re-elected or reappointed.

2. The marshal of an incorporated town may arrest disorderly persons, and may deputize or call to his assistance any citizen to aid him in so doing  Any use of violence by such persons in resistance of the arrest will be unlawful.  If such persons act in concert in making resistance, and one of them, with the consent and approbation of the others, attempts to kill the marshal or his assistant by using a weapon likely to produce death, all of the rioters may be guilty as principals of an assault with intent to murder.

3. The evidence was sufficient to uphold " a consent verdict of guilty " in each of these cases, and there was no error in denying a new trial.                               *Judgment affirmed.*

June 15, 1892.  By two Justices.

Criminal law.   Assault with intent to murder.   Municipal corporations.   Officers.   Arrest.   Before Judge Richard H. Clark.   Douglas superior court.   July term, 1891.

Indictments were found against Dock Bohannon, James Bohannon, Alex. Garrett and James Hollis, for